## MEMORANDUM
## TO THE HONORABLE ROSLYNN R. MAUSKOPF
### United States District Judge

RE: **RUUD, Kimberly**
DKT: **0207 1:13-CR-586**
**RESPONSE TO REQUEST FOR**
**EARLY TERMINATION**

The purpose of this memorandum is in response to the motion for early termination filed by Ruud on February 12, 2019.

On October 5, 2016, Ruud was released from custody and supervised by the Southern District of New York Probation Office ("SDNY") due to her residency within that district. It is noted that the special assessment fee was paid in full on December 4, 2014. According to SDNY, Ruud made a positive adjustment to supervision while in their district. She complied with all conditions of supervision and had no violations during that period.

On August 9, 2017, SDNY submitted a request to the Eastern District of New York Probation Office to transfer supervision to our district due to a proposed change of residence. Ruud requested to reside with her niece, Stephanie Montabano, in Queens, NY. Ruud was accepted for transfer to our district and assigned to USPO Marline Aurelus. USPO Aurelus supervised Ruud while she remained in our district and reports that Ruud fully complied with the conditions of supervision. Ruud was unemployed and supported by public assistance benefits while awaiting a decision of her application for Social Security Disability. Throughout supervision, Ruud has attended mental health treatment and has been prescribed medications to treat her bipolar and anxiety disorders. On May 4, 2018, Ruud completed a substance abuse assessment at a Probation Office-contract treatment facility. The treatment facility determined that Ruud did not require substance abuse treatment at that time and recommended she continue with her mental health treatment regimen. All urine specimens collected by the Probation Office have returned negative.

On October 5, 2018, Ruud requested transfer of supervision to the Southern District of Florida Probation Office ("SDFL") to reside with her step-mother, Christiane Totten, in North Lauderdale, Florida. As indicated in the request to SDFL, Ruud's adjustment to supervision had been satisfactory. On November 7, 2018, SDFL accepted transfer of supervision. On January 16, 2019, our office submitted a request for international travel with the Court requesting Ruud be permitted to travel to the Bahamas on a cruise with her family. The request indicates that Ruud had maintained full compliance since relocating to SDFL. It is also noted that SDFL requests jurisdiction be transferred to that district if the early termination request is denied. On January 23, 2019, the Court approved Ruud's request for international travel. Ruud is scheduled to complete supervised release on October 4, 2019. She has completed more than twenty-nine (29) months of supervision without any technical violations or new criminal activity, and to date, she has seemingly exceeded all goals of supervision.

As the Court is aware, early termination is controlled by statute, as well as sentencing law and policy. With regard to statute, felony probation and supervised release cases are subject to 18

U.S.C. §3564(c) and 18 U.S.C. §3583(e)(1), respectively; and the general provisions of 18 U.S.C. §3553(a). In germane part, 18 U.S.C. §3583(e)(1) indicates that "the court may, after considering the factors set forth in §§3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . .terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant and in the interest of justice. (Emphasis added)(See 18 U.S.C. §3583(e)(1)).

In U.S. v Lussier 104 F3d 32 (2d Cir 1997) and U.S. v. Sheckley 129 F3d 114 (2d Cir 1997), the Second Circuit indicated "the defendant is not entitled to early termination simply because he has successfully served a portion of his supervised release term. And no evidence has been presented – such as 'exceptionally good behavior' - to substantiate such 'changed circumstance' as might warrant early termination of supervised release." We cite Lussier and Sheckley as guidance for Your Honor, but also respectfully note that neither case requires exceptionally good behavior, nor is that the standard. Both Lussier and Sheckley, consistent with 18 U.S.C. §3583, establish that the standard for early termination is in "the interest of justice."

Moreover, this reading of the statute is consistent with the policy of the Judicial Conference Criminal Law Committee and the Administrative Office of the U.S. Courts (AO), which in a May 12, 2009 memorandum, wrote that 3583(e)(1) does not require "exceptional conduct" to justify early termination. Instead, a court must simply be satisfied that the termination is warranted and is in the interest of justice. The Judicial Conference has endorsed nine non-binding criteria for assessing whether an offender who satisfies the minimal statutory factors should be recommended for early termination.2 Lastly, the policy which influences early termination results from directives from the Judicial Conference and the AO. In this regard, the Criminal Law Committee has directed early termination of supervision as "recommended and favored" policy for appropriate probation and supervised release offenders.

Predicated on the entirety of this case, as well the various factors which control early termination of supervision, we believe that Ruud's discharge from supervision is in the interest of justice. Thus, the Probation Office respectfully recommends that Your Honor grant the request for early termination of supervision of the offender for the reasons set forth above.

RESPECTFULLY SUBMITTED:

VITA QUARTARA
ACTING CHIEF U.S. PROBATION OFFICER

PREPARED BY: *Brian J. Kelly*

Brian J. Kelly
Senior U.S. Probation Officer

APPROVED BY: James Bloomfield
Digitally signed by James Bloomfield
Date: 2019.03.19 14:12:43 -04'00'

James Bloomfield
Supervisory U.S. Probation Officer

March 19, 2019

**THE COURT ORDERS that this document be filed under permanent seal as it contains treatment information and that the probation department:**

☐ Motion for Early Termination is GRANTED.  Ms. Rudd's application for early termination of supervised release is supported by the Probation Offices in the EDNY and the Southern District of Florida (Doc. Nos. 224 and 225), and is not opposed by the government (Doc. No. 223).  As detailed in defendant's *pro se* motion (Doc. No. 221), counsel's supplement (Doc. No. 222), and the Probation Department submissions, Ms. Rudd has completed more than 29 months of supervision in full compliance with all conditions of supervision, without any violations or new criminal activity. She has met the goals of supervision, including making positive strides with respect to her mental health issues.  She maintains a stable residence in Florida with family, and has led a law-abiding life.  Ms. Rudd's conduct and the interests of justice warrant her discharge from the remaining seven (7) months of her term of supervision.  As such, Ms. Rudd's motion for early termination is GRANTED.  The Probation Department shall notify Ms. Rudd that her application has been granted, and shall terminate Ms. Rudd's supervision.

☐ Motion for Early Termination is DENIED
☐ No Action
☐ Other

*Roslynn R. Mauskopf*
_____
Signature of Judicial Officer

March 27, 2019
_____
Date